## LANDRÓN v. SALDAÑA.

### APPEAL from the District Court of San Juan.

No. 1.—Decided May 12, 1905.

PRIVATE DOCUMENTS—PROBATORY VALUE.—A private document legally recog-
nized in a judicial proceding possesses the same force and validity with re-
spect to the party who may have subscribed the same as a public instru-
ment.

LACK OF CAPACITY OF THE PARTIES.—The fact that a person is a natural daugh-
ter will not deprive her of the right to appear in a judicial proceeding, nor
will the fact that the name in which she appears is not legally hers be
sufficient to warrant the assumption that she lacks the necessary legal ca-
pacity, unless it is proven that she has made use of an assumed name for
the purpose of usurping rights and actions which did not belong to her.

IRREGULARITIES IN CITATION—APPEARANCE OF PARTY.—Whatever may be the
defects or irregularities existing in the citation of a party to appear in an
action, the same will be corrected by his appearance therein.

CIVIL AND CRIMINAL ACTION—CONTINUANCE OF TRIAL.—When an infringement
upon a right gives rise to the prosecution of a civil or criminal action, the
right to prosecute one does not deprive a party of a right to exercise the
other, wherefore the filing of a criminal charge is not sufficient ground upon
which to decree a continuance of a civil action prosecuted in relation to the
same facts.

UNLAWFUL DETAINER—OWNERSHIP.—In an action of unlawful detainer the question of ownership of a property cannot be considered.

The facts are stated in the opinion.

*Mr. Freyre Barbosa,* for appellant.

*Mr. Alvarez Nava,* for respondent.

MR. CHIEF JUSTICE QUIÑONES delivered the opinion of the court.

On April 11th of last year, Tomás Landrón Rodríguez brought an action of unlawful detainer in the Municipal Court of Vega Baja, against Fernando Saldaña y López de Victoria, of the same place, to compel him to vacate a house belonging to the former situated on Centro street of that town, which he had leased to the latter, on account of the term of the contract of lease which he had entered into having expired on the preceding 31st day of March, which contract was embodied in a private document signed by both contracting parties. He presented this document at the trial with the title deed to said property executed in his favor by Ramona Marrero, under date of September 5, 1903, before Gabriel Guerra y Acosta, a notary of this city, and recorded in his name in the registry of property.

The oral trial was held, both parties entering an appearance. The defendant pleaded want of capacity on the part of the plaintiff "owing to his lacking the qualifications necessary to appear in court," which point he alleged he established fully by means of the certificate he presented, issued by the parish priest of that locality, setting forth that the plaintiff was the natural son of María Dionisia Rodríguez; nullity of the summons, on account of the same not being drawn with all the requisites provided for by the law of procedure, and by reason of noncompliance by the party plaintiff with one of the conditions established in the contract of lease, according to which "in the event that Saldaña should desire to continue occupying the house for a longer period, he would conform to such conditions as might be

established," which was not done owing to the haste with which the plaintiff had brought the action; and, finally, that both the vendor of the house, Ramona Marrero, and the purchaser, Tomás Landrón, had been guilty of false pretenses or imposition, as Ramona Marrero, the former owner of the house, had sold it to the defendant by public instrument of May 27, 1902, which document he presented in order that it might be made a part of the record, and that not having been able to record it in the register of property, she afterwards sold it to the plaintiff, Tomás Landrón Rodríguez, who had it recorded in the register in his name; for which reason he prayed for a suspension of the proceedings and that the charges made be investigated for the purpose of proceeding against both of them for the offense which he charged at said act.

The judge dismissed the exceptions pleaded by the defendant, and with the concurrence of his associates rendered judgment on June 30th of last year sustaining the action of unlawful detainer brought by Tomás Landrón Rodríguez, and adjudged the defendant, Fernando Saldaña, to vacate the house and place it at the disposal of its owner within a period of eight days; with the admonition that, should he fail to do so, he would be dispossessed at his expense, and also taxing all the costs against him.

Fernando Saldaña, the defendant, appealed from this judgment to the District Court of San Juan, and the hearing having been had and the evidence presented by both parties having been heard, said evidence, including the acknowledgment by the defendant and appellant of the signature of his name and surname appearing at the foot of the contract of lease, and the testimony of a number of witnesses, all of whom testified that Tomás Landrón Rodríguez and Tomás Rodríguez are one and the same person, and that the former is the name which he generally uses, and by which all know

him, the judge of said district court rendered judgment on November 26 of the same year affirming the judgment appealed from in all its parts, with the costs of both instances against the appellant.

An appeal having been taken from this judgment by the defendant Saldaña to this Supreme Court, the parties filed their briefs, the appellant insisting in maintaining that he is the preferred owner of the house in question by reason of its sale to him by the former owner prior to its sale to the plaintiff, Tomás Landrón Rodríguez. A day was set for the hearing, at which counsel for the respondent alone was present.

The private contract of lease reads as follows:

"Contract.—I hereby state that I have leased on this date to Fernando Saldaña, a resident of this town, for a term of seven months from the 1st instant to the last day of the month of March of next year, 1904, a house belonging to me, situated on the *carretera* in the western part of the town, being a continuation of Centro street, for the sum of $42, the receipt of which I acknowledge, under the following conditions: In the event that Saldaña should desire to continue occupying the house for a longer period, he will do so under the conditions which may be stipulated; and (2) if upon the expiration of the lease referred to in this document it should be necessary to have recourse to judicial proceedings for the vacation of the house, all the expenses and costs arising to the end of the litigation shall be defrayed by Saldaña. In testimony of accepting the foregoing conditions Saldaña signs this document in Vega Baja on September 10, 1903.—Fernando Saldaña.—Tomás Landrón."

The literal contract contained in this document, which, as has been stated, was acknowledged in court by the defendant, and is consequently proof against him, as if it were a public instrument, according to section 1193 of the revised Civil Code, shows that when the action of unlawful detainer was brought on April 11 of last year, the lease contract had more than expired, inasmuch as seven months having been

agreed on as the term of its duration, from September 1, 1903, to the last day of March of the following year 1904, and the action having been brought on April 11 of said year, it is evident that the contract of lease had expired by several days when the action was brought; nor has the defendant proved that it had been extended by agreement between the parties, and not even that he had made an attempt to secure its extension, which he could have done.

With regard to the other allegations of the defendant made at the trial, none of them is worthy of serious consideration since the allegation of want of capacity in the plaintiff, because the defendant has proved nothing to show that the plaintiff, Tomás Landrón Rodríguez, lacked such capacity, inasmuch as the circumstances under which he was born cannot disqualify him to appear in court, nor has it been shown that he had made use of a fictitious name for the purpose of usurping actions or rights not belonging to him; the nullity of the summons, because whatever defects might have occurred therein were corrected by the appearance of the defendant in person at the trial, where he could plead and did plead whatever he considered proper; and as to the suspension of the proceedings by reason of the charge he made against the purchaser and vendor of the house of alleged false pretenses and imposition, because not even under the former law of procedure was the denunciation of a crime during civil proceedings sufficient to suspend such proceedings, while at the present time section 2 of the new Code of Civil Procedure provides that "when the violation of a right admits of both a civil and criminal remedy, the right to prosecute the one is not merged in the other."

Finally, it is not possible to consider either the plea of the appellant respecting his alleged right to the title of the house in question, because the question involved being an action of unlawful detainer, in which questions of ownership cannot be considered, such a plea is not pertinent.

For all these reasons the undersigned is of the opinion that the judgment appealed from should be affirmed with costs.

*Affirmed.*

Justices Hernández, Figueras, MacLeary and Wolf concurred.